IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SALOMON SMITH BARNEY INC.   CASE NO.: **00-6154**

    Plaintiff,

vs.

PETER J. DEBLASI,

    Defendant.

**CIV-ZLOCH**

MAGISTRATE JUDGE
SELTZER

_____/

### COMPLAINT - INJUNCTIVE RELIEF REQUESTED

Plaintiff, SALOMON SMITH BARNEY INC. (hereinafter "SMITH BARNEY") sues defendant PETER J. DEBLASI (hereinafter "DEBLASI") for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and alleges the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Temporary and preliminary injunctive relief is sought pursuant to Rule 65 of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the defendant resides within the Southern District of Florida and the conduct complained of arose within the Southern District of Florida.

2. Plaintiff SMITH BARNEY is a Delaware corporation. Plaintiff's principal place of business is New York, New York.

3. Defendant DEBLASI is *sui juris* and is a resident of Broward County, Florida.

4. Defendant DEBLASI is a former employee of the plaintiff, last employed in the plaintiff's Ft. Lauderdale, Florida branch office.



5. On or about January 19, 1995, defendant DEBLASI executed a Financial Consultant Associate Training Contract (hereinafter the "Agreement"). A true and correct copy of the Agreement executed by defendant DEBLASI is attached hereto as Exhibit "A." From January 19, 1995 through January 28, 2000, defendant DEBLASI was continuously employed by plaintiff SMITH BARNEY. On January 28, 2000 defendant DEBLASI resigned without previous notice, his position with the plaintiff to accept employment with Morgan Keegan & Company, Inc. ("Morgan Keegan"), a direct competitor of the plaintiff.

6. The Agreement provides that all records and documents concerning the business and affairs of SMITH BARNEY are the exclusive and confidential property of SMITH BARNEY. Such records include, but are not limited to, names, addresses, telephone numbers and account numbers of SMITH BARNEY customers. The Agreement provides further that Defendant DEBLASI, during the course of employment with plaintiff SMITH BARNEY, will not remove from SMITH BARNEY, in either original or copied form, any records of SMITH BARNEY and that defendant DEBLASI will not claim any ownership interest in property of plaintiff SMITH BARNEY.

7. The Agreement also provides that defendant DEBLASI will not, for a period of one year following his termination of employment for any reason, and within a radius of 100 miles of the office where he was last employed, solicit any of SMITH BARNEY's customers who were serviced by, or whose names became know to defendant DEBLASI, while in the employ of SMITH BARNEY.

*Salomon Smith Barney Inc. v. Peter J. DeBlasi*
Complaint - Injunctive Relief Requested

8. In the Agreement, defendant DEBLASI consents to the entry of an injunction for any breach of the covenants set forth above.

9. Defendant DEBLASI has breached the Agreement referenced above by removing and by using, confidential information of SMITH BARNEY from SMITH BARNEY's offices. Defendant DEBLASI has, upon information and belief, obtained account information including names, addresses and account numbers of SMITH BARNEY clients whose identities became known to the plaintiff through his employment at plaintiff SMITH BARNEY.

10. In further direct violation of the Agreement, defendant DEBLASI is soliciting, and has solicited, clients of defendant SMITH BARNEY's Fort Lauderdale, Florida office. Defendant DEBLASI is requesting, and has requested, that said clients transfer their accounts to defendant DEBLASI at his new place of employment.

11. Defendant DEBLASI's improper solicitation of customer accounts in fact occurred *before* he resigned from SMITH BARNEY. Defendant in concert with his new employer, Morgan Keegan, has conspired to covert plaintiff's records and to secretly divert the plaintiff's customers to Morgan Keegan.

12. Defendant DEBLASI's conduct was, and is, in furtherance of a scheme to obtain and convert to his personal use and financial gain records and confidential information of plaintiff SMITH BARNEY.

KELLEY & WARREN, P.A., ATTORNEYS AT LAW
1555 PALM BEACH LAKES BOULEVARD, SUITE 1006, WEST PALM BEACH, FLORIDA 33401

*Salomon Smith Barney Inc. v. Peter J. DeBlasi*
Complaint - Injunctive Relief Requested

13. As a result of defendant DEBLASI's breach of the above referenced Agreement, plaintiff is suffering, and continues to suffer, irreparable harm. The harm being suffered by the plaintiff includes, but is not limited to: a) the disclosure and use of confidential information improperly removed and obtained from plaintiff SMITH BARNEY; b) the continuing solicitation of SMITH BARNEY's clients; c) present and continuing economic loss, which is unascertainable at this time due to loss of clients and disruption of business.

14. Plaintiff has no adequate remedy at law as it is impossible to calculate the economic loss and loss of goodwill being suffered by the plaintiff as a result of defendant DEBLASI'S wrongful acts.

15. The restrictive covenants set forth in the Agreement are reasonably necessary to protect the legitimate business interests of the Plaintiff, SMITH BARNEY. The legitimate business interested protected by the Agreements include the protection of trade secrets as defined in Florida Statute § 688.002(4), valuable confidential business information, client lists, and substantial relationships with Plaintiff's clients.

16. Plaintiff's Agreement with the Defendant are enforceable under the provisions of Florida Statute §542.33 and under New York law and plaintiff is entitled to injunctive relief pursuant to said statute and New York law.

17. In order to maintain the status quo defendant DEBLASI must be enjoined not only from soliciting clients of SMITH BARNEY, but from accepting transfers from clients, and from

*Salomon Smith Barney Inc. v. Peter J. DeBlasi*
Complaint - Injunctive Relief Requested

servicing clients already solicited. If defendant DEBLASI is not enjoined from servicing such clients, then he will have benefitted from the fact that he was able to improperly solicit clients of the plaintiff before injunctive relief could be obtained. Equity requires that defendant DEBLASI be prohibited from benefitting from his wrongful acts.

18. All conditions precedent to the plaintiff's right to maintain this action have occurred, or have been waived.

WHEREFORE, plaintiff SMITH BARNEY requests the following relief:

1. That the court enter a temporary restraining order and/or a preliminary injunction enjoining pending arbitration, defendant DEBLASI, directly or indirectly, whether alone or in concert with others, including any officer, agent, employee and/or representative Morgan Keegan from:

    A. Soliciting any business from any client of the plaintiff whom defendant DEBLASI serviced, or whose name became known to defendant DEBLASI while in the employ of plaintiff;

    B. From using, disclosing, or transmitting any confidential information of the plaintiff, including the names, addresses and account numbers of plaintiff's clients;

    C. Requiring defendant DEBLASI to return any and all records of the plaintiff, including copies thereof, removed from the plaintiff's offices by the defendant.

-5-

*Salomon Smith Barney Inc. v. Peter J. DeBlasi*
Complaint - Injunctive Relief Requested

      D.    Prohibiting, pending arbitration, defendant DEBLASI from accepting the transfer of any client of SMITH BARNEY previously solicited by defendant DEBLASI or from servicing the account of any such client pending arbitration.

    2.    Grant such other relief as the court deems meet and just in the circumstances.

Dated: February 1, 2000

                       KELLEY & WARREN, P.A.
                       Attorneys for Plaintiff
                       1555 Palm Beach Lakes Blvd, Suite 1006
                       West Palm Beach, FL 33401
                       (561) 681-9494

By: _____
                       Glenn D. Kelley, Esq.
                       Florida Bar No. 0341037
                       Lonnie K. Martens
                       Florida Bar Number 848840

# FINANCIAL CONSULTANT ASSOCIATE
# TRAINING CONTRACT

I. **Parties:**
This is a binding contract between Smith Barney Shearson Inc., its subsidiaries, successors and assigns ("hereinafter referred to as Smith Barney Shearson") and myself, PETER J. DEPLAS I, a Smith Barney Shearson Financial Consultant Associate ("Associate" and also referred to in this contract as "I" or "me" as appropriate).

I. **Purpose and Intent:**
It is my desire and that of Smith Barney Shearson to enroll me in the Smith Barney Shearson Financial Consultant Training Program ("Training Program").

Smith Barney Shearson agrees to employ me as an Associate and enroll me in its Training Program. Smith Barney Shearson is committed to my professional development and will avail me of the advantages of its training and development system. In addition, Smith Barney Shearson shall expend considerable sums of money for my compensation, instruction, meals, lodging, transportation, licensing and registrations, as well as for operational and related costs for the time period I am in the Training Program.

In consideration of the training I will receive, the expenditures by Smith Barney Shearson, the career opportunities which will be afforded me during and after the Training Program and the support services and facilities which will be provided me, I will comply with the following terms of this contract.

III. **Confidentiality of Records:**
I understand that any client records and information including names and addresses and account information, whether generated by Smith Barney Shearson or me, are confidential and proprietary information as well as an important business asset of Smith Barney Shearson. I will use such originals and/or copies of information only in the normal course of Smith Barney Shearson's business and will not remove any client-related records or information in any form whatsoever from Smith Barney Shearson's premises during or after my employment, nor will I ever transfer or disclose such documents or information to any third party either orally or in writing.

IV. **Termination of Employment:**
A.    **Non-Solicitation Agreement.**  If my employment with Smith Barney Shearson is terminated for any reason I will not, within one-year of my leaving, solicit any of the clients I serviced at Smith Barney Shearson or any clients I learned of during my employment at Smith Barney Shearson who reside within one hundred (100) miles of the Smith Barney Shearson office(s) at which I was employed.

EXHIBIT A

B. **Employment-at-Will.** I understand and agree that the employment relationship between me and Smith Barney Shearson is "at-will" which affords either of us the right to terminate the relationship at any time for any or no reason not otherwise prohibited by applicable law.

C. **Reimbursement of Training Expenses.** I agree to pay damages to Smith Barney Shearson in an amount described below if my employment is terminated for any of the following reasons: I terminate my employment, or I provoke my termination by words or conduct which would reasonably be expected to result in such termination by Smith Barney Shearson. My failure to pass the Series 7 New York Stock Exchange ("NYSE") examination does not constitute such provocation. Reimbursement of training costs and expenses will not be required of me in the event I leave Smith Barney Shearson and do not seek employment elsewhere as a Registered Representative in the securities or commodities industries.

    1. In the event my employment is terminated under "C", above, prior to completion of thirty-six (36) months after my registration is approved by the NYSE, I will pay Smith Barney Shearson the sum of Forty Five Thousand Dollars ($45,000.00), which I understand represents the costs and expenses incurred by Smith Barney Shearson in training me. I hereby agree that this is a reasonable figure.

    2. Smith Barney Shearson agrees that it will reduce this $45,000.00 damages figure by One Thousand Two-Hundred Fifty Dollars ($1,250.00) for each month I remain in the employ of Smith Barney Shearson after my registration is approved by the NYSE.

    3. In the event that I am already registered with the NYSE, I agree that, for purposes of this subsection, my registration will be considered "approved by the NYSE" in the month that members of my training class receive their production numbers. I agree that this production number will supersede any prior production numbers I may have.

    4. In the event that I am already registered with the NYSE and enter the training program during or after Phase Three of the Training Program, the damages figure in "C" (1) above shall be reduced to $44,000.00.

D. **Effect of termination on compensation.** I agree that if my employment is terminated for any reason, I will only be entitled to commissions, finder's fees, sales credits, bonuses or any other compensation which were credited to me on or prior to the effective day of my termination.

V. **Legal Liability and Enforcement:**
Any controversy arising out of or relating to this contract or my employment or termination thereof, shall be arbitrated before and pursuant to the rules of, the NYSE or the National Association of Securities Dealers, Inc. ("NASD"). I consent and agree to the issuance of a temporary restraining order or preliminary or permanent injunction by a court of competent jurisdiction to prevent the breach of the confidentiality and non-solicitation provisions of this contract, or to maintain the status quo pending the outcome of any arbitration proceeding

which may be initiated. Upon demand by Smith Barney Shearson, I consent and agree to expedited arbitration and the issuance of an injunction by the arbitrators. In the event Smith Barney Shearson institutes legal or equitable proceedings to enforce or collect damages under this contract, I agree to pay Smith Barney Shearson attorney's fees with interest and costs.

VI. **Non-Waiver:**
I understand that Smith Barney Shearson may at various times decide not to enforce all or part of this contract or similar contracts with other Smith Barney Shearson Financial Consultant Associates. I agree that such instances of non-enforcement shall not constitute a waiver, and will not prevent Smith Barney Shearson from enforcing any or all of the remaining portions of this contract against me.

VII. **Miscellaneous:**
A. I will at all times comply with Smith Barney Shearson's internal policies and procedures as well as state and federal securities laws, and the rules of the various exchanges and other regulatory bodies to which Smith Barney Shearson and myself are subject.

B. This contract shall be governed in all respects by the laws of the State of New York.

C. Nothing in this agreement is intended to conflict with or violate applicable law. Any interpretation of provisions of this agreement shall be limited, if necessary, to give legal effect to such terms by such applicable law.

D. This contract represents my entire understanding with Smith Barney Shearson and may only be changed by a written agreement signed by myself and an authorized Smith Barney Shearson representative.

Dated: _1-19-95_         _Peter DeBlasi_
                         FINANCIAL CONSULTANT ASSOCIATE

I acknowledge that I have received and read a copy of this contract prior to signing it, and understand the terms thereof. I acknowledge that I had been afforded the opportunity to consult with counsel with respect to my execution of this agreement.

_Peter DeBlasi_
FINANCIAL CONSULTANT ASSOCIATE
BY: _____
SMITH BARNEY SHEARSON INC.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I.(a) PLAINTIFFS
SALOMON SMITH BARNEY INC.

### DEFENDANTS
PETER J. DEBLASI

**00-6154 CIV-ZLOCH**

**MAGISTRATE JUDGE SELTZER**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New York
(EXCEPT IN U.S. PLAINTIFF CASES)

FTL/00 CV-6154-Zloch/SSS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Glenn D. Kelley, Esq., Kelly & Warren, P.A.
1555 Palm Beach Lakes Boulevard, #1006
West Palm Beach, FL 33401 (561) 681-9494

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 3☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| 3☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Seeking Temporary Restraining Order and/or Preliminary Injunction

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 2/1/00
SIGNATURE OF ATTORNEY OF RECORD: Glenn D. Kelley, Esq.

FOR OFFICE USE ONLY: 711888