IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SALOMON SMITH BARNEY INC.

    Plaintiff,

vs.

PETER J. DEBLASI,

    Defendant.
_____/

CASE NO.: 00-6154 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR FOR A PRELIMINARY INJUNCTION

Plaintiff, SALOMON SMITH BARNEY INC. (hereinafter "SMITH BARNEY"), by and through its undersigned attorney, moves this court for the entry of a temporary restraining order, without notice, or a preliminary injunction on an emergency basis, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and in support of this motion states the following:

1. Simultaneously with the filing of this Motion, the plaintiff has filed a Complaint, an affidavit by Robert P. McCabe (hereinafter referred to as the "Supporting Affidavit."), and a Memorandum of Law in of this Motion.

2. As set forth in the Complaint, defendant Peter J. Deblasi (hereinafter "DeBlasi") executed a Financial Consultant Associate Training Contract (hereinafter the "Contract") on or about January 19, 1995 which contained certain "non-competition covenants." The Contract is attached to this motion as Exhibit "A".

3. The Contract prohibits defendant DeBlasi from obtaining and using confidential information of the plaintiff, including but not limited to the names, addresses, telephone numbers and other information pertaining to the plaintiff's customers.

Salomon Smith Barney v. Peter J. DeBlasi
Emergency Motion for Preliminary Injunction

4. The Contract provides that for a period of one year following termination of defendant DeBlasi's employment at plaintiff SMITH BARNEY and within a 100 mile radius of the office at which he was last employed, that the defendant will not solicit any of the SMITH BARNEY customers who were serviced by, or whose names became know to defendant DeBlasi, while in the employ of SMITH BARNEY.

5. Pursuant to the Contract, defendant DeBlasi specifically consented to the entry of an injunction should he violate the provisions of the Contract. In pertinent part, the Contract provides as follows:

> **V    Legal Liability and Enforcement:**
>
> Any controversy arising out of or relating to this contract or my employment or termination thereof, shall be arbitrated before and pursuant to the rules of, the NYSE or the National Association of Securities Dealers, Inc. ("NASD"). *I consent and agree to the issuance of a temporary restraining order or preliminary or permanent injunction by a court of competent jurisdiction to prevent the breach of the confidentiality and non-solicitation provisions of this contract, or to maintain the status quo pending the outcome of any arbitration proceeding which may be initiated.* [emphasis added]

6. As set forth in the Complaint, and in the Supporting Affidavit, defendant DeBlasi has converted, and continues to convert, property and confidential information of plaintiff SMITH BARNEY and has violated the express provisions of the Contract. Defendant DeBlasi has converted customer information including telephone numbers, addresses and account numbers from the office at which he was last employed which is the Ft. Lauderdale, Florida office of plaintiff SMITH

-2-

BARNEY. Further, in direct violation of his written agreement, defendant DeBlasi has solicited, and continue to solicit, clients whose names were made known to him while he was employed at SMITH BARNEY, or whose accounts he serviced while at SMITH BARNEY in violation of the Contract.

7. As direct evidence of defendants DeBlasi's use of confidential information and solicitation of plaintiff's existing clients, the plaintiff has filed the Supporting Affidavit. As set forth therein, defendant has contacted plaintiff's clients directly soliciting their business. This is a direct violation of the Contract.

8. The Contract executed by defendant DeBlasi is reasonable and is designed to protect the legitimate business interest of the plaintiff. The business interests of the plaintiff include, but are not limited to, confidential business lists, client lists, records and information and customer good will. These interests have been recognized as legitimate business interests which support enforcement of restrictive covenants by way of injunctive relief. *See* Florida Statute § 542.33; *Dyer v. Pioneer Concepts Inc.*, 667 So.2d 961 (Fla.2d. DCA 1996); *Hapney v. Central Garage, Inc.*, 579 So.2d 127 (Fla. 2d. DCA. 1991), *review denied* 591 So.2d 180 (Fla. 1991).

9. The Contract executed by defendant DeBlasi is entitled to enforcement under Florida law and the plaintiff is entitled to injunctive relief. Florida Statute § 542.33 provides, in pertinent part, as follows:

> [An] employee may agree with his employer, to refrain from...soliciting old customers of such employer within a reasonably limited time and area. so long as such employer,

continues to carry on a like business therein...*Use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.*

Fla. Stat. § 542.33(2)(a) [emphasis added].

10.     Unless defendant DeBlasi is immediately enjoined from converting the plaintiff's property and from soliciting the plaintiff's clients for Morgan Keegan, a direct competitor of the plaintiff, the plaintiff will be immediately and irreparably harmed by: a) the disclosure of confidential information and customer lists which are solely the property of the plaintiff and its clients; b) loss of confidentiality of client's records and financial dealings, loss of confidence and trust of clients, loss of good will and loss of business reputation; c) present economic loss which cannot be determined at this time and future economic loss which is incalculable.  Further, irreparable injury is presumed in this case pursuant to Florida Statute § 542.33; *See also State Chemical Manufacturing Company v. Lopez*, 642 So.2d. 1127 (Fla. 3rd. DCA 1994) (presumption of irreparable injury applies to use of customer list or direct solicitation of existing customers) *See also Sun Elastic Corporation v. O.B. Industries*, 603 So.2d. 516 (Fla. 3rd DCA 1992).

11.     The threat of irreparable injury is not only "imminent," but actual and on going as, upon information and belief, defendant breached his obligations under the Contract prior to his resignation from plaintiff SMITH BARNEY's employ. Numerous courts, including Federal District Courts which have considered this issue, have concluded that immediate preliminary injunctive relief must be granted because confidential property could be lost before a full trial on the merits can be

-4-

*Salomon Smith Barney v. Peter J. DeBlasi*
Emergency Motion for Preliminary Injunction

held. *See F.M.C. v. Varco*, 677 F. 2d 500 (5th Cir. 1982); *Merrill Lynch v. Hegarty*, 808 F. Supp. 1555 (S.D. Fla. 1992) *aff'd* Fed. 3rd 405 (11th Cir. 1993); *Merrill Lynch v. Bradley*, 756 Fed. 2d 1048 (4th Cir. 1985) (preliminary injunctive relief required because an injunction even a few days after solicitation has begun is unsatisfactory because the damage is done, the customers cannot be unsolicited).

12. Any and all further delay in granting the plaintiff's requested for injunctive relief will result in infliction of irreparable harm and destruction of the status quo. Defendant DeBlasi is continuing to solicit and accept customer accounts in violation of his contractual obligations. The loss to the plaintiff will be immediate and irreparable as the plaintiff has no way of knowing how many of its clients have been improperly solicited or confused by defendant's solicitations and plaintiff will continue to lose business and good-will associated with its long standing relationship with its clients if the defendant is not required to immediately cease solicitation.

13. Pursuant to Fed. R. Civ. P. 65(b), the undersigned makes the following certification concerning the efforts, if any, given to notify the defendant of this request for a temporary restraining order and as to the reasons why notice and hearing should not be required prior to the issuance of a temporary restraining order. As to the giving of notice, the undersigned certifies that he is immediately serving a copy of this Motion together with the Complaint, Supporting Affidavit, and Memorandum of Law on the defendant by hand delivery. While attempting to give notice to the defendant as expeditiously as possible, the undersigned makes the following statement concerning

KELLEY & WARREN, P.A., ATTORNEYS AT LAW
1555 PALM BEACH LAKES BOULEVARD, SUITE 1006, WEST PALM BEACH, FLORIDA 33401

*Salomon Smith Barney v. Peter J. DeBlasi*
Emergency Motion for Preliminary Injunction

the reasons why notice and a hearing should not be required prior to the issuance of a temporary restraining order. Defendant DeBlasi by soliciting clients to transfer their accounts *while he was still employed by* SMITH BARNEY and by carefully timing his resignation on Friday afternoon has already achieved a significant unfair advantage in soliciting clients in violation of his contractual obligations to the plaintiff. With each passing hour, the defendant continues to breach his contractual obligations and to solicit away from the plaintiff their valuable clients. The harm being caused to the plaintiff is irreparable and once clients leave as a result of the defendants wrongful solicitation, there will be no practical way to secure their return. Unless immediately enjoined, the harm will already be done *before* a hearing can be scheduled. Should the court conclude that a hearing is required, plaintiff requests that the hearing be scheduled on an emergency basis.

14. The plaintiff has no adequate remedy at law as monetary damage will be impossible to calculate or ascertain.

15. As enforcement of the restrictive covenant contained in the Contract is clearly provided for under either Florida or New York law, there is a substantial likelihood that the plaintiff will prevail on the merits, and the entry of a temporary restraining order is not against the public interest.

WHEREFORE, the plaintiff prays that the Court enter a temporary restraining order immediately without notice or, alternatively, schedule an emergency hearing and upon hearing enter a preliminary injunction immediately enjoining and restraining the defendant directly or indirectly

Salomon Smith Barney v. Peter J. DeBlasi
Emergency Motion for Preliminary Injunction

whether alone or in concert with others, including any offices, agent or employee of Morgan Keegan from the following activities:

a) Soliciting any accounts or business from any clients of the plaintiff's Ft. Lauderdale, Florida office whom defendant serviced or whose name became known to defendant while he was an employee of the plaintiff and from accepting any business or account transfers from any account customers whom the defendant wrongfully solicited;

b) Using, disclosing, or transmitting any confidential information or records of the plaintiff including the names, addresses and financial information of the plaintiff's clients.

c) Grant such other and further relief as the court deems meet and just in the circumstances.

Dated: February 1, 2000

                                      KELLEY & WARREN, P.A.
                                      Attorneys for Plaintiff
                                      1555 Palm Beach Lakes Blvd, Suite 1006
                                      West Palm Beach, FL 33401
                                      (561) 681-9494

                                      By:_____
                                        Glenn D. Kelley, Esq.
                                        Florida Bar No: 0341037
                                        Lonnie K. Martens
                                        Florida Bar Number 848840

# FINANCIAL CONSULTANT ASSOCIATE
# TRAINING CONTRACT

Parties:
This is a binding contract between Smith Barney Shearson Inc., its subsidiaries, successors and assigns ("hereinafter referred to as Smith Barney Shearson") and myself, _Peter J. DePasi_, a Smith Barney Shearson Financial Consultant Associate ("Associate" and also referred to in this contract as "I" or "me" as appropriate).

I. **Purpose and Intent:**
It is my desire and that of Smith Barney Shearson to enroll me in the Smith Barney Shearson Financial Consultant Training Program ("Training Program").

Smith Barney Shearson agrees to employ me as an Associate and enroll me in its Training Program. Smith Barney Shearson is committed to my professional development and will avail me of the advantages of its training and development system. In addition, Smith Barney Shearson shall expend considerable sums of money for my compensation, instruction, meals, lodging, transportation, licensing and registrations, as well as for operational and related costs for the time period I am in the Training Program.

In consideration of the training I will receive, the expenditures by Smith Barney Shearson, the career opportunities which will be afforded me during and after the Training Program and the support services and facilities which will be provided me, I will comply with the following terms of this contract.

III. **Confidentiality of Records:**
I understand that any client records and information including names and addresses and account information, whether generated by Smith Barney Shearson or me, are confidential and proprietary information as well as an important business asset of Smith Barney Shearson. I will use such originals and/or copies of information only in the normal course of Smith Barney Shearson's business and will not remove any client-related records or information in any form whatsoever from Smith Barney Shearson's premises during or after my employment, nor will I ever transfer or disclose such documents or information to any third party either orally or in writing.

IV. **Termination of Employment:**
A. Non-Solicitation Agreement. If my employment with Smith Barney Shearson is terminated for any reason I will not, within one-year of my leaving, solicit any of the clients I serviced at Smith Barney Shearson or any clients I learned of during my employment at Smith Barney Shearson who reside within one hundred (100) miles of the Smith Barney Shearson office(s) at which I was employed.

EXHIBIT A

B. **Employment-at-Will.** I understand and agree that the employment relationship between me and Smith Barney Shearson is "at-will" which affords either of us the right to terminate the relationship at any time for any or no reason not otherwise prohibited by applicable law.

C. **Reimbursement of Training Expenses.** I agree to pay damages to Smith Barney Shearson in an amount described below if my employment is terminated for any of the following reasons: I terminate my employment, or I provoke my termination by words or conduct which would reasonably be expected to result in such termination by Smith Barney Shearson. My failure to pass the Series 7 New York Stock Exchange ("NYSE") examination does not constitute such provocation. Reimbursement of training costs and expenses will not be required of me in the event I leave Smith Barney Shearson and do not seek employment elsewhere as a Registered Representative in the securities or commodities industries.

1. In the event my employment is terminated under "C", above, prior to completion of thirty-six (36) months after my registration is approved by the NYSE, I will pay Smith Barney Shearson the sum of Forty Five Thousand Dollars ($45,000.00), which I understand represents the costs and expenses incurred by Smith Barney Shearson in training me. I hereby agree that this is a reasonable figure.

2. Smith Barney Shearson agrees that it will reduce this $45,000.00 damages figure by One Thousand Two-Hundred Fifty Dollars ($1,250.00) for each month I remain in the employ of Smith Barney Shearson after my registration is approved by the NYSE.

3. In the event that I am already registered with the NYSE, I agree that, for purposes of this subsection, my registration will be considered "approved by the NYSE" in the month that members of my training class receive their production numbers. I agree that this production number will supersede any prior production numbers I may have.

4. In the event that I am already registered with the NYSE and enter the training program during or after Phase Three of the Training Program, the damages figure in "C" (1) above shall be reduced to $44,000.00.

D. **Effect of termination on compensation.** I agree that if my employment is terminated for any reason, I will only be entitled to commissions, finder's fees, sales credits, bonuses or any other compensation which were credited to me on or prior to the effective day of my termination.

V. **Legal Liability and Enforcement:**
Any controversy arising out of or relating to this contract or my employment or termination thereof, shall be arbitrated before and pursuant to the rules of, the NYSE or the National Association of Securities Dealers, Inc. ("NASD"). I consent and agree to the issuance of a temporary restraining order or preliminary or permanent injunction by a court of competent jurisdiction to prevent the breach of the confidentiality and non-solicitation provisions of this contract, or to maintain the status quo pending the outcome of any arbitration proceeding

which may be initiated. Upon demand by Smith Barney Shearson, I consent and agree to expedited arbitration and the issuance of an injunction by the arbitrators. In the event Smith Barney Shearson institutes legal or equitable proceedings to enforce or collect damages under this contract, I agree to pay Smith Barney Shearson attorney's fees with interest and costs.

VI. **Non-Waiver:**
I understand that Smith Barney Shearson may at various times decide not to enforce all or part of this contract or similar contracts with other Smith Barney Shearson Financial Consultant Associates. I agree that such instances of non-enforcement shall not constitute a waiver, and will not prevent Smith Barney Shearson from enforcing any or all of the remaining portions of this contract against me.

VII. **Miscellaneous:**
A. I will at all times comply with Smith Barney Shearson's internal policies and procedures as well as state and federal securities laws, and the rules of the various exchanges and other regulatory bodies to which Smith Barney Shearson and myself are subject.

B. This contract shall be governed in all respects by the laws of the State of New York.

C. Nothing in this agreement is intended to conflict with or violate applicable law. Any interpretation of provisions of this agreement shall be limited, if necessary, to give legal effect to such terms by such applicable law.

D. This contract represents my entire understanding with Smith Barney Shearson and may only be changed by a written agreement signed by myself and an authorized Smith Barney Shearson representative.

Dated: 1-19-95            Peter DeBlasi
                          FINANCIAL CONSULTANT ASSOCIATE

I acknowledge that I have received and read a copy of this contract prior to signing it, and understand the terms thereof. I acknowledge that I had been afforded the opportunity to consult with counsel with respect to my execution of this agreement.

                          Peter DeBlasi
                          FINANCIAL CONSULTANT ASSOCIATE
                          BY:
                          SMITH BARNEY SHEARSON INC.