UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CIV-ZLOCH



SALOMON SMITH BARNEY INC.,

    Plaintiff,

v.

PETER J. DEBLASI,

    Defendant.
_____/

**TEMPORARY RESTRAINING ORDER AND**
**ORDER SETTING EVIDENTIARY HEARING**

THIS MATTER is before the Court upon the Plaintiff, Salomon Smith Barney Inc.'s Emergency Motion For Temporary Restraining Order And/Or Preliminary Injunction, bearing file stamp of the Clerk of this Court dated February 1, 2000. The Court has carefully considered the Complaint, the aforementioned Emergency Motion, the Supporting Affidavit, and other written submissions of the Plaintiff, has heard the arguments of counsel for the Plaintiff in open court on February 2, 2000, and is otherwise fully advised in the premises.

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. This is a diversity action alleging that the Defendant, Peter J. DeBlasi, breached a Financial Consultant Associate Training Contract entered into between the parties.

2. The Plaintiff, Salomon Smith Barney Inc., has sought a

temporary restraining order to restrain the Defendant from violating the Plaintiff's property, proprietary, confidential information, competitive interests, and employment contracts with the Defendant.

3. It is more likely than not that the Plaintiff, Salomon Smith Barney Inc., will succeed on the merits at trial.

4. The Plaintiff, Salomon Smith Barney Inc., will suffer irreparable harm and loss in the event that a temporary restraining order is not granted and the Defendant is permitted to: (a) covert the property of the Plaintiff to the Defendant's own personal use and benefit, and that of the Defendant's employer and, (b) solicit the Plaintiff's accounts, clients, and customers.

5. The Plaintiff, Salomon Smith Barney Inc., has no adequate remedy at law.

6. Greater injury will be inflicted upon the Plaintiff, Salomon Smith Barney Inc., by the denial of the temporary restraining order than would be inflicted upon Defendant by the granting of such relief.

7. The public interest will not be harmed by the granting of the temporary restraining order.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Defendant, Peter J. DeBlasi, is hereby enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of the Defendant's current employer, Morgan Keegan & Co.,

Inc.:

(a) from soliciting within a 100 mile radius of the Plaintiff, Salomon Smith Barney Inc.'s Fort Lauderdale office any business from any client of the Plaintiff whom the Defendant served or whose name became known to the Defendant while in the employ of the Plaintiff, and further, from accepting any business or account transfers from any of said customers whom the Defendant has solicited at any time in the past for the purpose of doing business with the Defendant's new employer (excluding members of the Defendant's immediate family); and

(b) from using, disclosing, or transmitting for any purpose, including solicitation of said client, the information contained in the records of the Plaintiff, including, but not limited to, the names, addresses, and financial information of said clients.

2. The Defendant, and anyone acting in concert with the Defendant is hereby ordered to return to the Plaintiff, Salomon Smith Barney Inc.'s Fort Lauderdale, Florida office within twenty-four (24) hours after service of the Court's Order upon the Defendant or his legal counsel, all original records and other documents or recordings containing customer names, addresses, or other account-related information, together with all copies and/or reproductions thereof, in whatever form.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Temporary Restraining Order be and is hereby conditioned upon Plaintiff filing with the Clerk of this Court no later than February 3, 2000, an undertaking in the form of a bond, certified, cashiers,

attorneys check or check drawn on Plaintiff's bank account, or cash, in the amount of $_/0,000.00 (U.S.)_ to secure payment of such costs and damages, not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff's Motion For Preliminary Injunction is hereby set for an evidentiary hearing before this Court on February 9, 2000, at 4:30 p.m., or as soon thereafter as counsel can be heard, in the United States District Court for the Southern District of Florida, before the Honorable William J. Zloch, in Courtroom A of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, regarding why an order should not be entered granting to Plaintiff a preliminary injunction according to the terms and conditions set forth above. Each side shall have thirty (30) minutes to present its testimony and other evidence in support of or in opposition to said Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall have up to and including, February 8, 2000, at 4:00 p.m. to file with the Clerk of this Court an opposing memorandum in response to the Plaintiff's Motion For Preliminary Injunction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff is hereby granted leave to commence discovery immediately in aid of the preliminary injunction hearing before this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Order shall remain in full force and effect until the date of the hearing set forth above, or such further dates as set forth by Order of the Court, unless Defendant stipulates, or has not objected, to entry

of a preliminary injunction.

**IT IS FURTHER ORDERED AND ADJUDGED** that on or before February 4, 2000, the Plaintiff shall personally serve upon the Defendant a copy of this Order and all papers filed in the above-styled cause.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2000, at 9:45 A.m.

                                                                                  WILLIAM J. ZLOCH
                                                                                  United States District Judge

Copy furnished:

Glenn D. Kelly, Esq.
Lonnie K. Martens, Esq.
For Plaintiff